

1325 AVENUE OF THE AMERICAS
SUITE 2601
NEW YORK, NY 10019

212 980 7400 TEL
212 980 7499 FAX
ROBINSKAPLAN.COM

BRYAN J. VOGEL
212 980 7403 TEL
BVOGEL@ROBINSKAPLAN.COM

*Via ECF & Email*
(Failla_NYSDChambers@nysd.uscourts.gov)

November 14, 2023

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

> Plaintiff's request at ECF No. 63 is GRANTED. The document filed at ECF No. 64 shall remain under seal and as visible only to the selected parties and the Court. The redacted version filed at ECF No. 62-2 shall remain as visible to the public.
>
> The Clerk of Court is respectfully directed to close ECF No. 63.
>
> SO ORDERED.   11/15/2023
>
> SARAH L. CAVE
> United States Magistrate Judge

**Re:   *Railware, Inc. v. National Railroad Passenger Corporation d/b/a Amtrak*, 1:22-cv-05013 (KPF); Railware's Letter Motion For Leave to File Document Under Seal**

Dear Judge Failla:

We represent Plaintiff, Railware, Inc. ("Railware"). Pursuant to Your Honor's Individual Rules of Practice, Rule 9(B), we respectfully request leave to file under seal Exhibit B to the Parties' Joint Letter, pursuant to ECF No. 61 ("Joint Letter"), filed contemporaneously herewith.

In general, in order to be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court has found that "presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co*., Inc., No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020).

Railware does not seek to seal all the material identified in Exhibit B to the Parties' Joint Letter. Rather, Railware seeks to seal only selected, narrowly tailored, excerpts of this exhibit which are at risk of disclosing Railware's confidential business information, including but not limited to Railware's commercial and business practices which are not publicly known to competitors and reasonably may be construed as having a risk of altering Railware's competitive position in the marketplace. *Ramirez,* No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *7 ("As such, public access to this information could alter the Firm's competitive position in the consulting market.").

Accordingly, Railware respectfully requests that the Court grant the request to seal the highlighted portions of Exhibit B to the Parties' Joint Letter.