

1325 AVENUE OF THE AMERICAS   212 980 7400 TEL
SUITE 2601                    212 980 7499 FAX
NEW YORK, NY 10019            ROBINSKAPLAN.COM

BRYAN J. VOGEL
212 980 7403 TEL
BVOGEL@ROBINSKAPLAN.COM

March 19, 2024
Honorable Katherine Polk Failla
United States District Judge
40 Foley Square, Room 2103
New York, NY 10007

*Via ECF and Email to*
*Failla_NYSDChambers@nysd.uscourts.gov*



Re:   *Railware, Inc. v. National Railroad Passenger Corporation d/b/a Amtrak*; 1:22-cv-05013 (KPF); Railware's Response to Defendant's Motion to Strike Infringement Contentions

Dear Judge Failla:

On February 29, 2024, Railware served its Disclosure of Asserted Claims and Infringement Contentions pursuant to L.P.R. 6. That rule requires that the plaintiff identify two pieces of information: "[1] for each opposing party, each claim of each patent-in-suit that is allegedly infringed and [2] each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim." The language of L.P.R. 6 is unambiguous. It is undisputed that Railware provided both pieces of information. That alone is sufficient to deny Amtrak's motion. Notably, Amtrak inexplicably fails to even quote the language of L.P.R. 6. Such an omission is telling. Consistent with this, during the parties' meet-and-confer, Amtrak was unable to identify any language in L.P.R. 6 that requires claim charts.

Despite any support in L.P.R. 6, Amtrak argues that L.P.R. 6 contains an additional, "secret" requirement that Railware produce claim charts prior to any discovery. Amtrak is incorrect. In addition to finding no basis in the language of L.P.R. 6, this Court does not interpret L.P.R. 6 as Amtrak asserts. In *Intell. Ventures II LLC v. JP Morgan Chase & Co.*, this Court considered whether to strike the patent owner's infringement contentions "because they purportedly fail to adequately disclose [patent owner]'s theory of infringement." No. 13 CIV. 3777 AKH, 2015 WL 3855069, at *1 (S.D.N.Y. June 22, 2015). This Court denied the defendants' motion because "[t]he Local Rules *do not require* by their language, prior to the completion of discovery, a detailed explanation of *how* each accused product infringes or the plaintiffs' *precise theory of infringement*." *Id.* at *5 (emphasis added). Recognizing the correctness of the holding in *Intell. Ventures*, several judges in this District adopted individual rules or proposed addenda to case management statements that explicitly require claim charts. *See, e.g.,* Judge Forrest's Individual Rules of Practice in Civil Cases at 15-16 (Jan. 5, 2018) (Attached as **Ex. 1**); Judge Subramanian's Case Management Addendum (Patent) at 2 (attached as **Ex. 2**).

Amtrak attempts to distinguish *Intell. Ventures* by pointing out that plaintiff's *sixth* amended contentions included an 88-page claim chart. Amtrak's distinction is irrelevant. The Court in *Intell. Ventures* did not rely on plaintiff's claim charts to determine that the plaintiff had complied with L.P.R. 6. Instead, the Court stated "the infringement contentions do list the accused products and the claims that Intellectual Ventures alleges the products infringe, as required by Local Patent Rule 6." *Id.* at 6. That is what Railware did here. Thus, Railware's contentions comply with L.P.R. 6.

March 19, 2024
Page 2

Amtrak's cited cases are inapposite and do not support Amtrak's position. *First*, in *Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, No. 15-CV-1259, 2017 WL 3309724 (S.D.N.Y. Aug. 2, 2017), the Court rejected the notion that infringement contentions constitute evidence in support of summary judgment. *Id.* at *3. Importantly, the Court in *Infinity Headwear* was not asked to, and did not, opine on whether claim charts are required by L.P.R. 6. Moreover, the "citation omitted" in Amtrak's citation to *Infinity Headwear* is *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015), which interpreted the Eastern District of Texas Local Patent Rules, *not* L.P.R. 6. The Eastern District of Texas Local Patent Rules explicitly require "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."[1] L.P.R. 6 has no such requirement.

*Second*, Amtrak's citation to a hearing transcript in *Infinity Headwear* before Magistrate Judge Ellis is incomplete at best, and misleading at worst. Amtrak cites to the transcript as though it sets forth an established and firm interpretation that L.P.R. 6 requires claim charts. It does not. Judge Ellis made clear that his interpretation of L.P.R. 6 was not an established interpretation. No. 15-CV-1259, ECF 79 at 6:20-7:1 ("[W]e're dealing with a new rule and in this court it's not unusual for the judges to disagree about the scope of the rule."). Amtrak omits Magistrate Judge Ellis' disclaimer from its letter. Moreover, Magistrate Judge Ellis's other statements during the hearing actually support Railware's position. According to Magistrate Judge Ellis, "[t]he task is whether or not the local patent rule requires anything more than Mr. Burton identifying the claim language and the alleged infringing product and pairing them up . . . . He has done that in my view to the satisfaction of Local Patent Rule 6." *Id.* at 12:17-23.

*Third*, Amtrak's citation to a footnote in *Iron Gate Security, Inc. v. Lowe's Cos.* for the proposition that L.P.R. 6 requires the submission of claim charts is misplaced. As an initial matter, the issue before the Court in *Iron Gate* was not whether L.P.R. 6 requires claim charts, but rather whether the plaintiff had met the pleading standard for patent infringement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 2016 WL 1070853, at *1 (S.D.N.Y. Mar. 16, 2016). Moreover, the Court in *Iron Gate* does not say what it means by "claim charts" in the footnote cited by Amtrak. But the sentence to which the footnote is appended provides context. In that sentence, the Court states "[a] plaintiff is not required to list which of the claims in the patent have been infringed in its pleading . . ., a plaintiff need not even identify which claims are being infringed." *Id.* at *3 (citations omitted). Thus, the footnote is meant only to reinforce the Court's holding that a plaintiff need not list the claims that are infringed in its complaint and that such information is generally provided with infringement contentions under L.P.R. 6—a point with which Railware agrees and with which Railware's Infringement Contentions comply. *See id.* The Court in *Iron Gate* was not, as Amtrak asserts, making any findings regarding the scope of what is required under L.P.R. 6.

*Fourth*, Amtrak's reliance on two non-binding cases from the Eastern District of New York, *SPEEDFIT LLC v. Woodway USA, Inc.* and *Nationwide Sales & Servs. Inc. v. Envirocare Techs. Int'l, Ltd.*, is equally misplaced. In *SPEEDFIT*, again, the court was not interpreting whether or

---

[1] E.D. Tex P. R. 3-1, https://www.txed.uscourts.gov/sites/default/files/goFiles/GO-05-08.pdf. Similarly, the N.D.C.A. Patent L.R. 3-1(c) also require "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality;" L.P.R. 6 does not. *Compare* L.P.R. 6 *with* N.D.C.A. Patent L.R. 3-1(c) (attached as **Ex. 3**).

March 19, 2024
Page 3

not L.P.R. 6 includes an implicit requirement of claim charts. Instead, the court granted a motion for summary judgment after the plaintiff failed to apprise the defendant and the court of plaintiff's infringement theories for two and a half years after the court had ordered plaintiff to do so. 432 F. Supp. 3d 183, 214 (E.D.N.Y. 2020). No such delay or order exists here. In fact, Amtrak admits that Railware offered to provide it with claim charts through proper discovery requests, but Amtrak rejected that offer without explanation in favor of filing its motion. ECF 94, n.1. With respect to *Nationwide*, Amtrak admits that the parties in *Nationwide* **stipulated** to providing claim charts, yet the plaintiff failed to provide claim charts. ECF 94 at 2. Here, there is no such stipulation.

Amtrak also argues that "[i]t is inconsistent to invoke the N.D.C.A. standard for amending infringement contentions yet not require Railware to provide any theory with the factual basis for infringement." Not so. The "good cause" standard is perfectly reconcilable with the plain language of L.P.R. 6. Specifically, if Railware were to want to amend its infringement contentions, *e.g.*, to assert additional claims or to accuse additional products or processes of infringement, Railware would need to satisfy the good cause standard. There is nothing inherent in the good cause standard adopted by the Court that requires the submission of claim charts. Similarly, the good cause standard would apply to Amtrak under L.P.R. 7 if Amtrak sought to amend its invalidity contentions, *e.g.*, to add additional prior art references or new grounds on invalidity.

Amtrak further argues that, under Railware's interpretation of L.P.R. 6, "no party would know the other's legal positions with supporting evidence until expert reports." Yet again, Amtrak is incorrect. Indeed, Railware proposed **two** compromises to Amtrak for claim charts in advance of expert reports. *First*, Railware proposed that the parties agree to serve corresponding interrogatories, seeking the other sides contentions. Indeed, this is what parties typically do in districts where local patent rules do not require the exchange of claim charts early in the case. *See, e.g., Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010) (N.D.C.A. Patent L.R. 3-1(c) "replace[s] the series of interrogatories that defendants would likely have propounded in its absence.") (internal quotes and citations omitted). *Second*, Railware proposed that the parties jointly seek to amend the format of contentions under L.P.R. 2(c) to specify that the parties would provide claim charts within a reasonable time frame. Amtrak rejected both proposals without explanation. Thus, it is misleading to assert that Railware is seeking to "mask" its infringement theories when Railware offered two avenues to exchange claim charts.

Amtrak's claims of prejudice are nonspecific and speculative. Amtrak does not explain any particular prejudice, nor does it cite any case law. As to claim construction, the relevant considerations for claim construction are intrinsic and extrinsic evidence, neither of which include infringement contentions. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1316-17 (Fed. Cir. 2005). As to discovery, there is still nearly 11 months of fact discovery, and Amtrak has already served 77 requests for production, 32 requests for admission, and 12 interrogatories. Thus, Amtrak has had no problem formulating discovery requests in the absence of claim charts. As to its invalidity contentions, Amtrak already filed four challenges to the asserted patents, including a motion to dismiss under 35 U.S.C. 101 and three petitions for *inter partes* review. Given these substantive challenges, Amtrak has had no problem formulating arguments without claim charts.

For the foregoing reasons, Amtrak's motion should be denied. To the extent the Court is inclined to require claim charts, Railware respectfully requests that the Court allow a reasonable time (*e.g.*, 30 days) to prepare such claim charts without adjusting the remaining schedule.

March 19, 2024
Page 4

               Respectfully submitted,

               */s/ Bryan J. Vogel*
               Bryan J. Vogel

cc: Counsel for Amtrak via ECF

---

The Court is in receipt of Defendant Amtrak's request for an order striking Plaintiff Railware's two-page Infringement Contentions served on February 29, 2024 (Dkt. #94) and Railware's above response (Dkt. #99).

Here, "[t]he parties dispute whether the specificity required by [California's version of Local Patent Rule 6]" – which requires Infringement Contentions to include "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality," Rule 3-1(c), Patent Local R., N.D. Cal. – "is an 'inherent' requirement in the Southern District's local rule. But, whatever Local [Patent] Rule 6 requires ... the Local Patent Rules grant the Court discretion to 'modify the obligations ... set forth in the Local Patent Rules based on the circumstances of any particular case .'" *Times Three Clothier, LLC* v. *Spanx, Inc.*, No. 13 Civ. 2157 (DLC), 2014 WL 1795210, at *3 (S.D.N.Y. May 6, 2014) (alterations adopted) (quoting Local Patent R.1.).

In view of the sparse nature of Railware's "two-page Infringement Contentions," combined with the fact that "Railware asserts 60 claims against two Accused Products," the Court finds that requiring Railware to produce a claims chart is appropriate in this instance. (Dkt. #94 at 1).

Accordingly, Railware is hereby ORDERED to provide such chart to Amtrak on or before **April 5, 2024.** The Court will extend the Deadline for Service of Invalidity and/or Unenforceability Contentions (currently April 16, 2024) and the Deadline for Parties to Exchange Proposed Claim Terms for Construction (currently April 18, 2024) to **April 29, 2024,** and **May 1, 2024,** respectively. The Court will refrain from further amendments to the governing case management plan and scheduling order at this time.

The Clerk of Court is directed to terminate the pending motion at docket entry 94.

Dated:    March 20, 2024                SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE