**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

May 17, 2024

Ralph A. Dengler
**T:** 212.503.0655
**F:** 212.307.5598
**E:** radengler@venable.com

**By ECF & Email to Failla_NYSDChambers@nysd.uscourts.gov**
Honorable Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Railware, Inc. v. National Railroad Passenger Corporation dba Amtrak*, 1:22-cv-05013 (KPF)
  Response to Railware's Letter Motion for Pre-Motion Discovery Conference

Dear Judge Failla,

We represent Amtrak in the above-referenced litigation. Pursuant to Your Honor's Individual Practice Rule 9(B), we respectfully request leave to file under seal the below information designated under the Protective Order (ECF No. 108):

1. **Amtrak's Response to Railware's Letter Motion for Pre-Motion Discovery Conference**: certain highlighted portions contain Amtrak's discovery designated as Confidential from Exhibit C below.

2. **Exhibit C**: Amtrak discovery designated Confidential.

Amtrak asked via email today, May 17, 2024, Railware's position on this sealing request but Amtrak never received any response from Railware as of sending this Letter Motion to Seal.

It is well-settled that any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The preservation of sensitive business information has been found to warrant sealing. *Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2023 WL 4144758, at *2 (S.D.N.Y. June 23, 2023); *see also Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal only that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, No. 21 Civ. 207 (PGG), 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

Amtrak's Response references Amtrak Confidential information designated under the Protective Order (ECF No. 108). *See* No. 1 above. Amtrak also seeks to seal exhibits containing such Amtrak Confidential information. *See* No. 2 above. Thus, Amtrak has narrowly tailored its redactions.

Accordingly, Amtrak respectfully requests that the Court grant its request to seal the highlighted portions of Amtrak's Response (No. 1 above) and Exhibit C (No. 2 above) in its entirety.



Page 2

We appreciate the Court's courtesies and consideration.

Respectfully Submitted,

*/s/Ralph A. Dengler*
Ralph A. Dengler

*Counsel for Amtrak*

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entry 125 under seal, viewable to the Court and the
parties only.  The Clerk of Court is further directed to
terminate the pending motion at docket entry 123.

Dated:     May 21, 2024             SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE